Mr. Justice Moore
delivered the opinion of the Court.
We will refer to plaintiff in error as plaintiff and to defendant in error as the Career Service Board.
January 3, 1957, plaintiff applied to the City and County of Denver for employment by filing an applica *477 tion with the Career Service Board of said city. The application was on a printed form, one of the questions appearing thereon being the following:
“Have you ever been arrested for any law violation other than Minor Traffic Violations?”
In filling out the application plaintiff answered this question in the negative by placing a check mark in the square opposite the word “No.” Immediately above the signature of plaintiff on the application appears the following printed statement:
“ * * * I hereby certify that the foregoing statements are to the best of my knowledge true and correct and I agree that any misstatement or omission as to material fact will constitute grounds for unfavorable consideration of my application or dismissal from the employ of the City and County of Denver.”
Following submission of her application, and on June 10, 1957, plaintiff was employed as a keypunch operator by the City and County of Denver. The last day of her continuous employment was May 8, 1958, and on the 28th of May of that year she resigned. The cause of her resignation was that between the dates mentioned she became the mother of a child, it appearing that under the rules of the Career Service Board an employee was not entitled to maternity leave. June 19, 1958, plaintiff was re-employed and re-assigned to the work that she had done theretofore.
In April, 1961, the data processing division of the City and County of Denver learned that plaintiff had made a false answer to the above-quoted question in her application for employment, in that she had been arrested on December 4, 1954, and again on January 7, 1955, for violation of ordinances of the City and County of Denver; that as a result of the December 4th arrest she was assessed a $300.00 fine and sentenced to ninety days in jail, which fine and sentence were conditionally suspended; that under another section of said ordinances plaintiff was assessed a fine of $25.00 which she paid. It *478 further appears that on October 8, 1955, plaintiff had again been placed under arrest but no disposition of the matter appears of record.
Following receipt of this information plaintiff was dismissed from her position. The reason assigned therefor was, “Falsification of Records, Including Falsification of Application Papers for Employment in the Career Service.” Plaintiff registered a complaint against this dismissal and the matter was heard before the Career Service Board on May 22, 1961. The Board sustained the order of dismissal and entered findings that she had made a false statement relative to arrests when in fact she had a record of arrests which were not discovered until shortly before her dismissal and that plaintiff fully realized the falsity of said statements and admitted that her statement concerning the past arrests was untrue.
In appropriate proceedings before the district court the action of the Career Service Board was sustained. At the original hearing before the Board it was stipulated that plaintiff was dismissed only because of the falsification of her original application. It was further stipulated that during the entire period of her employment she had a good work record.
In disposing of the controlling question thus presented, the district court in its findings and judgment included the following:
“ * * * The only question is whether the Career Service Board abused its discretion in following a rule which is admittedly a lawful one and which is part of the employment contract between the City and its employees; and whether when such rule is found to have been violated and the City acts promptly to enforce the rule by dismissal, the City nevertheless must retain the employee who has committed a fraud merely because the employee’s service has been satisfactory for a period of approximately five years.
“Plaintiff admits the rule is a lawful one. The plaintiff contends that the fact falsified was not found by the *479 Board to be such that she would not have been employed in the first place, if it had been known at that time. It seems clear that the action of dismissal makes it obvious that had the facts falsified been truly stated at the time, the application was made, the plaintiff would not have been hired. If employees in a city are permitted to enter into a contract upon false statements and the city is required to retain them in its employ when the fraud is discovered, it appears clear that the rule will have no meaning and this term of the contract of employment will have no effect.
“For the reasons stated, it is believed that the action of the Board should be sustained and it is therefore ordered that plaintiff’s complaint be dismissed.”
Under the facts and circumstances disclosed by the record in this case we hold that there was no abuse of discretion on the part of the Career Service Board and the judgment of the trial court accordingly is affirmed.
Mr. Justice Sutton and Mr. Justice Frantz dissent.